FILED

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

FEB 2 6 2004

FRANK GUTIERREZ,

      Plaintiff,

*[signature]*
CLERK

v.

No. CIV-04-0052 MV/RHS

MR. RICKY PURCELL,
Tenth Judicial District Judge,
and QUAY COUNTY,

      Defendants.

### MEMORANDUM OPINION AND ORDER

This removed matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and

Fed.R.Civ.P. 12(b)(6), to consider Plaintiff's complaint.  Plaintiff is incarcerated and appears pro

se.  He was granted free process in the state court proceeding and will be allowed to proceed in

forma pauperis.  For the reasons below, Plaintiff's complaint will be dismissed.

.The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under

§1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon

which relief may be granted."  The Court also may dismiss a complaint *sua sponte* under

Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could

not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be

futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma,*

*Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  In reviewing Plaintiff's pro se

complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but

liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Defendant (state district judge) Purcell denied Plaintiff's habeas



corpus petition for lack of jurisdiction. Plaintiff asserts that Defendant Purcell "had no right to deny

my writ. . . . a habeas corpus can be filed at any time" during a convict's incarceration. Defendant

Purcell removed the complaint pursuant to 28 U.S.C. §§ 1331 and 1446(b), on grounds that

Plaintiff's allegations raise federal law claims under 42 U.S.C. § 1983. For relief, Plaintiff asks that

his state habeas corpus petition be remanded to the New Mexico Tenth Judicial District Court, and

Defendant Purcell be required to consider the merits of the petition. The complaint also seeks

damages.

No relief is available on Plaintiff's § 1983 claim for damages against the judge arising from

the state post-conviction proceeding. "It is well-settled that judges have absolute immunity from

liability for damages for acts committed within the apparent scope of their judicial duties." *Wiggins*

*v. New Mexico State Supreme Court Clerk*, 664 F.2d 812, 815 (10th Cir. 1981) (citing *Stump v.*

*Sparkman*, 435 U.S. 349 (1978) (additional citations omitted)). Defendant Purcell is immune from

Plaintiff's claim for damages, and this claim will be dismissed.

Plaintiff's claim for equitable relief is barred by two separate federal doctrines. First, the

provisions of the Anti-Injunction Act, 28 U.S.C. § 2283, prohibit federal courts from intervening in

ongoing state court proceedings except in very limited circumstances. *Vendo Co. v. Lektro-Vend*

*Corp.*, 433 U.S. 623 (1977). By the express terms of § 2283, this Court "may not grant an injunction

to stay proceedings in a State court except as expressly authorized by Act of Congress, or where

necessary in aid of its jurisdiction, or to protect or effectuate its judgments." And although Plaintiff

does not specifically request a stay of proceedings, "any injunction against state court proceedings

otherwise proper under general equitable principles must be based on one of the specific statutory

exceptions to § 2283 if it is to be upheld." *Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive*

2

*Eng'rs*, 398 U.S. 281, 287 (1970), *quoted in Douglas-Guardian Warehouse Corp. v. Posey*, 486 F.2d 739, 742 (10th Cir. 1973). "Suffice it to say that the Act is an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act." *Vendo*, 433 U.S. at 630. Plaintiff's claim invokes none of the statutory exceptions and is therefore barred.

Second, to the extent Plaintiff seeks an order overruling the state court's denial of his habeas corpus application, adjudication of his complaint would require impermissible review of a state court proceeding. "A United States District Court has no authority to review final judgments of a state court in judicial proceedings. Such review resides exclusively in the United States Supreme Court." *Razatos v. Colorado Supreme Court*, 746 F.2d 1429, 1432 (10th Cir. 1984) (citing 28 U.S.C. § 1257); *Anderson v. Colorado*, 793 F.2d 262, 263 (10th Cir. 1986). "If the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's [claims], then the District Court is in essence being called upon to review the state court decision." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483-84 n.16 (1983), *quoted in Razatos*, 746 F.2d at 1432. Insofar as Plaintiff's claim attacks the judgment of a state district court, his remedy may only be pursued in the state appellate courts and the United States Supreme Court. *Anderson*, 793 F.2d at 263. Plaintiff's claim for equitable relief will be dismissed, although he is not precluded from seeking relief in this Court under 28 U.S.C. § 2254.

No relief is available on Plaintiff's federal claims against named Defendant Quay County. The complaint contains no allegations against this Defendant, affirmatively linking it to the asserted violations. *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a

complaint under § 1983, Plaintiff must allege some personal involvement by a Defendant in the constitutional violation. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). Plaintiff's federal claims against named Defendant Quay County will be dismissed.

Plaintiff's complaint also invokes state law as a basis for his claims. The Court may "decline to exercise supplemental jurisdiction over a claim ... if-- (3) the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). In view of the dismissal of all federal claims, the Court will decline to exercise supplemental jurisdiction of Plaintiff's state law claims. § 1367(a) & (c); *see Steele v. Federal Bureau of Prisons*, --- F.3d ---, No. 02-1492, 2003 WL 23019855, at *10 (10th Cir. Dec. 29, 2003) (Hartz, J., concurring) ("dismissal with prejudice . . . might not preclude the plaintiff from proceeding in state court"). The complaint will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff is GRANTED LEAVE to proceed in forma pauperis;

IT IS FURTHER ORDERED that Plaintiff's federal claims are DISMISSED with prejudice; his state law claims are DISMISSED without prejudice; the complaint is DISMISSED; and pursuant to Fed.R.Civ.P. 58(a)(2)(A)(iii), judgment will be entered in accordance with this opinion.

UNITED STATES DISTRICT JUDGE

4